IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MYRA ARAGÓN,

   Plaintiff,

vs.

DE BACA COUNTY
SHERIFF'S DEPARTMENT
& SCOTT R. CONNER

   Defendants.

No. 14-CV-0290-MV-LAM

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss in Lieu of Answer [Doc. 6]. The Court, having considered the Motion, briefs, relevant law, and being otherwise fully informed, finds that the Defendants' Motion is well-taken and will be **GRANTED**.

### BACKGROUND

The facts pertinent to Defendants' Motion are easily summarized. Plaintiff Myra Aragón alleges that on October 22, 2013, Defendant Scott R. Conner, acting in his capacity as a sergeant with the De Baca County Sheriff's Department, "entered the Plaintiff's Residents without her presence or without served a search warrant, knowing it to be an illegal search and seizure." Doc. 1 at 2 (phrasing original). Approximately five months later, on March 26, 2014, Aragón filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 alleging three causes of action: (1) that her "14th Amendment Rights Were Violated By the Defendants Entering my Residence without Probable cause," (2) that the "Defendants obtained an Illegal Search Warrant, and abused the

1

Authority in doing so," and (3) that the "Defendants in this matter over stepped their legal Authority, and Doing so violated my United States Constitutional Rights." *Id.* at 2-4 (phrasing original).

On May 1, 2014, Defendants filed the instant Motion, seeking to dismiss all of Aragón's claims, either for failure to state a claim on which relief can be granted or on the basis of qualified immunity. *See generally* Doc. 6. Plaintiff filed an untimely Response on May 27, 2014 [Doc. 9] and Defendants timely replied on June 10, 2014 [Doc. 11]. *See* Doc. 9 at 1. *See also* D.N.M.LR-CIV.7.4(a); Fed. R. Civ. P. 6.

## DISCUSSION

### I. Local Rule 7.1(b) and Failure Timely to Respond

As an initial matter, Defendants correctly note that local rule 7.1(b) states that "failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-CIV.7.1(b). However, it is settled law in this circuit that, despite the apparently definitive phrasing of the local rule, a court must address the merits of a motion to dismiss. *See, e.g.*, *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003) ("even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted."). Even so, given the sparse factual allegations in the Complaint and the Response, this point is largely academic. *Cf. Hayes v. Whitman*, 264 F.3d 1017, 1025 (10th Cir. 2001) (explaining that "it might be appropriate for a court to consider additional facts or legal theories asserted in a response brief to a motion to dismiss if they were consistent with the facts and theories advanced in the complaint" but not if the new material is inconsistent with the complaint). Further, the

Court notes that a rigid, literal application of the local rules in this case would permit the Court to deny the Defendants' Motion "summarily" for failure to include a "recitation of a good-faith request for concurrence," but given the permissive nature of the rule and in the interest of disposing of this case on the merits, the Court will decline to do so.  D.N.M.LR-CIV.7.1(a).

### II. Motion to Dismiss for Failure to State a Claim

On a motion to dismiss for failure to state claim, this Court asks "whether the factual allegations in the complaint, if accepted as true, allege a plausible claim for relief."  *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n.*, 771 F.3d 1230, 1236 (10th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).  Further, in cases, such as the one at bar, where a Plaintiff proceeds *pro se*, the Court is bound to construe her pleadings liberally.  *See Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Because [plaintiff] is proceeding pro se, we liberally construe his pleadings.").  Hence, the "court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial" but to determine whether the pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Brokers' Choice of America, Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135-56 (10th Cir. 2014) (internal quotation marks and citations omitted).

In addition to the facts alleged in the complaint, a court reviewing a motion to dismiss may consider documents in the public record or incorporated by reference into the complaint.  *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007) ("courts must consider the complaint in its entirety, as well as other sources … in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").  *See also Allen v. Clements*, 930 F. Supp. 2d 1252, 1259 (D. Colo. 2013) ("a court may properly consider facts subject to judicial notice, state court pleadings, and matters of public

record without converting a motion to dismiss into a motion for summary judgment."). Indeed, even "if a plaintiff *does not* incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (emphasis added). *See also Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013) (on a motion to dismiss a court may consider "documents incorporated by reference in the complaint; documents referred to in and central to the complaint, when no party disputes its authenticity; and matters of which a court may take judicial notice").

Here, the Court will consider the search warrant and application provided by the Defendants in their Motion in addition to Plaintiff's Complaint. Aragón herself refers to the search warrant throughout her Complaint, and, though she does not dispute the *authenticity* of the copy provided by Defendants, she relies on the allegation that "Defendants obtained an Illegal Search Warrant" to form the basis for at least one of her three claims. Doc. 1 at 3. That is, the warrant and application form a key component of Plaintiff's claims and Aragón does not dispute that the submitted copy is what Defendants allege it to be. Additionally, the warrant and attached application are now matters of public record because New Mexico law requires that a search warrant be returned and filed in state court. *See, e.g.*, *State v. Dietrich*, 204 P.3d 748, 757 (N.M. Ct. App. 2009).

Moreover, although affirmative defenses ordinarily cannot be asserted in a motion to dismiss, a court may dismiss causes of action based on qualified immunity if the defense appears on the face of the complaint. *See, e.g.*, *Mercer v. Gupta*, 712 F.3d 756, 758 (2d Cir. 2013) (an affirmative defense "may be raised on a motion to dismiss if the defense is based on facts

appearing on the face of the complaint"); *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) ("In resolving a motion to dismiss based on qualified immunity, a court must consider whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and whether the right at issue was clearly established at the time of defendant's alleged misconduct.") (internal quotation marks omitted).  Thus, the Court may dismiss on the basis of qualified immunity to the extent that the defense is apparent from the information properly before the Court.

### III.   Plaintiff's Causes of Actions

#### a.  Claim I:  Entering Plaintiff's Residence Without Probable Cause

In her first claim, Plaintiff offers an unadorned legal conclusion without any factual basis: "that [her] 14th Amendment Rights Were Violated By the Defendants Entering my Residence Without Probable Cause."  Doc. 1 at 2 (phrasing original).  Indeed, Plaintiff has left blank the space provided for "Supporting Facts" in the form complaint she filed to commence the instant Action.  *Id.* at 3.  This claim is the paradigmatic example of a "'naked assertion' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  Therefore, this count will be dismissed for failure to state a claim.

#### b.  Claim II:  Obtaining an Illegal Search Warrant

Claim II is only barely more substantive than Claim I.  While Aragón alleges that "Defendants obtained an Illegal Search Warrant," none of the facts she alleges supports this contention.  To the contrary, her sole factual assertion with respect to the manner in which police procured the warrant admits that the "Defendants on October 16, 2013 Did recive Information

that my son was Involved in a criminal offense, and some of that property was verified to be In his car." Doc 1 at 3 (phrasing original).  Further, in her Response Plaintiff adds to this that "the Victim of the burglary Identified some of the stolen Items on Plaintiffs 'Son's' Social Media" and that "Plaintiff <u>lives with Her Son at</u> the residence" but that "The Warrant was Issued under the Assumption that the Plaintiffs son owned the Residence."  Doc. 9 at 2-9.

Plaintiff then continues that in executing the warrant, Defendants "entered my Residence To search when No Evidence was found in My Residence, and It Is Clear that my residence was Illegally Searched."  Doc. 1 at 3 (phrasing original).  Aragón clarifies this contention slightly in her Response, emphasizing that "the Stolen Items were located in the Plaintiffs Sons vehicle, located at the residence" and that "the Plaintiffs son Had admitted that He Had commited the Burglary and the Items were located in his vehicle, NOT the legal residence of the plaintiff." *Doc.* 9 at 2 (phrasing original).  Finally, Plaintiff notes that "the Warrant was not Served on the owner of the residence, <u>MYRA ARAGÓN</u>. It was Served on the Son."  Doc. 9 at 3 (phrasing original).

On a liberal reading of Claim II, as viewed through the prism of Plaintiff's Response, the Court finds three potential arguments:  (1) that the search warrant was improperly obtained, in part because the "Warrant was Issued under the Assumption that the Plaintiffs son owned the Residence," (2) that police exceeded the limits of the search warrant because "the Stolen Items were located in" her son's vehicle before the police searched her home, and (3) that the search warrant was improperly executed because the "Warrant was not Served on the owner of the residence." *See generally* Docs. 1, 9.  Each of these claims must be dismissed.

First, Plaintiff has not alleged any facts that imply that the search warrant was improperly obtained.  In fact, her Complaint and Response make patent not only that the officers "Did recive

Information" that her son had stolen the items in question but also that he lived with Plaintiff in the house that the police searched.  *See* Doc. 1 at 3; Doc. 9 at 2.  Further, contrary to Plaintiff's contention, the warrant application makes no mention of Aragón's son, Manuel Silva, owning the residence.  *See* Doc. 9 at 3; Doc. 6-1 at 2.  Indeed, despite Aragón's repeated insistence that her son does not own the house that the police searched, the Court does not perceive any legal significance to this line of argument, especially in light of Plaintiff's admission that her son did, in fact, reside with her.  *Cf. Harman v. Pollock*, 446 F.3d 1069, 1078 (10th Cir. 2006) ("our precedent suggests that the warrant sufficiently described the area to be searched. We have upheld warrants like the one at issue where one part of the description is inaccurate, but the description has other accurate information to identify the place to be searched with particularity."); *United States v. Ortiz*, 311 F. Supp. 880, 883 (D. Colo. 1970) ("there is no need to include the owner's or defendant's name on a search warrant that otherwise sufficiently describes the premises to be searched.").  Even relying solely on the facts articulated by the Plaintiff, it is plain that the warrant in this case issued on probable cause.

    Moreover, qualified immunity shields officers from liability stemming from searches and seizures carried out pursuant to a warrant unless "it is obvious that no reasonably competent officer would have concluded that a warrant should issue" including, "for example, where the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Messerchmidt v. Millender*, 132 S. Ct. 1235, 1245 (2012) (internal quotation marks omitted).  This is not that case.  Nothing in the warrant application or the circumstances of the investigation points to any deficiency, much less an infirmity so obvious that it can meet the high threshold of upsetting the "clearest indication that

the officers acted in an objectively reasonable manner" in searching the residence: a search warrant issued by an impartial magistrate. *Id.*

Second, Plaintiff argues that because the stolen items were found in her son's vehicle, "the Residence No longer Required a Search." Doc. 9 at 5. In Plaintiff's version of events, officers arrived with a warrant, the "Stolen Items were located in the Plaintiffs Sons vehicle, located at the residence" and "Plaintiffs Son [] admitted that He Had Comitted the Burglary and the Items were located in his vehicle, Not the legal residence," but officers searched her home nonetheless. Doc. 9 at 3-5. This conduct does not make out a constitutional violation.

The warrant unambiguously permitted officers to search both Silva's vehicle and his residence for "[a]ny guitars, guitar accessories, guitar cases, receipts or pawn tickets indicating the sale of guitars." Doc. 6-1 at 1. There is no dispute that the search warrant accurately and precisely described both his vehicle and the house that police searched. Moreover, even assuming that the officers found in Plaintiff's son's car two guitars matching the description of those stolen from the victim's house, there was simply no way for the officers to verify that the guitars were, in fact, those taken in the burglary, nor that they were the only guitars, "guitar accessories, guitar cases, receipts or pawn tickets indicating the sale of guitars" to be found in the car and the house. Her son's self-serving statement that the stolen items were all in his vehicle simply cannot restrict the scope of a search warrant. It is irrelevant that no contraband was found when officers completed their search in Plaintiff's residence; to suggest otherwise would be to imply that *every* unfruitful search warrant was, in fact, not supported by probable cause *ab initio*. *See Lawmaster v. Ward*, 125 F.3d 1341, 1348-49 (10th Cir. 1997) ("Whether evidence of a crime is actually found in the home is irrelevant to the issue of whether probable cause existed to search."). Finally, given that the police acted in conformity with a valid search warrant,

8

Plaintiff's allegations cannot overcome Defendants' claim of qualified immunity.  *Cf. Messerschmidt*, 132 S. Ct.at 1246 (explaining that warrant was not obviously overbroad where affidavit mentioned existence of one firearm, but warrant authorized search for *all* firearms on the premises).

Third and finally, Plaintiff contends that Defendants improperly executed the warrant because it was not served on the owner of the residence, but rather "was served on the son." Doc. 9 at 3.  There is simply no such requirement in federal law.  *Cf. Groh v. Ramirez*, 540 U.S. 551, 562 n.5 (2004) ("neither the Fourth Amendment nor Rule 41 of the Federal Rules of Criminal Procedure requires the executing officer to serve the warrant on the owner before commencing the search.").  Consequently, there can be no basis for relief under § 1983.

### c.  Count III:  Defendants Exceeded their Legal Authority

This claim amounts to a recitation of the violations alleged in Counts I & II.  Plaintiff states that the "Defendants Did Illegally Search my Property, and papers, ect. and As such, They didnT serve me with a warrant for my Residence." Doc. 1 at 4.  Any potential claim that may be inferred from this statement has been addressed in the discussion above and will not be repeated here.  Thus, none of Plaintiff's three claims, taken individually or in aggregate, can survive.

### IV.  Municipal Liability

While Plaintiff's complaint speaks in terms of the "Defendants" engaging in allegedly impermissible activity, such as entering her home without a valid warrant, one of the two Defendants in this case is an entity incapable of taking physical action.  Consequently, the Court construes the Complaint as alleging that the De Baca County Sheriff's Department is liable in its capacity as Defendant Conner's supervisor or under a theory of municipal liability.  However,

this argument, too, must fail. First, as discussed above, Plaintiff has not sufficiently alleged any harm cognizable under federal law. *See Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006) ("a municipality may not be held liable where there was no underlying constitutional violation by any of its officers."). Second, Plaintiff has not pled any facts that would suggest the existence of an unconstitutional or illegal policy within the Sheriff's Department or the county government. *See Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010) (explaining that municipalities are liable under § 1983 for the conduct of their employees only "when the enforcement of [municipal] policies or customs by their employees causes a deprivation of a person's federally protected rights"); *Chavez v. County of Bernalillo*, 3 F. Supp. 3d 936, 976 (D.N.M. 2014) ("Supervisors can be held liable only for their own unconstitutional or illegal policies, and not for the employees' tortious acts."). Thus, there is no basis for municipal liability in this case.

## CONCLUSION

Because each of Plaintiff's counts must be dismissed for failure to state a claim on which relief can be granted or because qualified immunity precludes Plaintiff from pursuing such a claim, the instant Action must be dismissed in its entirety.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss [Doc. 6] is **GRANTED**.

Dated this 23rd day of March, 2015.

_____
**MARTHA VÁZQUEZ**
UNITED STATES DISTRICT JUDGE